FILED

2013 JAN 18  PM 1: 55

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
SANTA ANA

BY_____

1  Roland Tellis (SBN 186269)
   rtellis@baronbudd.com
2  Mark Pifko (SBN 228412)
   mpifko@baronbudd.com
3  Natasha Meta (SBN 272241)
   nmehta@baronbudd.com
4  BARON & BUDD, P.C.
   15910 Ventura Blvd., Suite 1600
5  Encino, California 91436
   Telephone:  (818) 839-2333
6  Facsimile:  (818) 986-9698
7

8  Robert P. Kondras, Jr.            Allen R. Vaught
   kondras@huntlawfirm.net           avaught@baronbudd.com
9  (to be admitted *Pro Hac Vice*)    (to be admitted *Pro Hac Vice*)
   HUNT, HASSLER & LORENZ LLP        BARON & BUDD, P.C.
10 100 Cherry Street                 3102 Oak Lawn Ave, Suite 1100
   Terre Haute, Indiana 47807        Dallas, Texas 75219
11 Telephone:  (812) 232-9691        Telephone:  (214) 521-3605
   Facsimile:   (812) 234-2881       Facsimile:  (214) 520-1181
12
13
   Attorneys for Plaintiffs
14 MELISSA LILLEHAGEN, SHARON
   SHAW, JANNA CARLILE, SHANAI
15 WHITMORE, AKESHA GRIZZARD
   and JOSHUA DICKSON, on behalf of
16 themselves and others similarly situated

17           UNITED STATES DISTRICT COURT
18      FOR THE CENTRAL DISTRICT OF CALIFORNIA
19               SOUTHERN DIVISION

20 MELISSA LILLEHAGEN, SHARON    | CIVIL ACTION NO.:  SACV13-00092 DOC (JPRx)
   SHAW, JANNA CARLILE, SHANAI   |
21 WHITMORE, AKESHA GRIZZARD     | COLLECTIVE ACTION PURSUANT TO
22 and JOSHUA DICKSON, on behalf of | 29 USC § 216(b)
   themselves and others similarly situated, |
23                                | ORIGINAL COMPLAINT FOR:
                    Plaintiffs    |
24                                | Violations of the federal Fair Labor Standards
25           vs.                  | Act, 29 USC §§ 201 et seq.
26 ALORICA, INC.,                 | JURY TRIAL DEMANDED
27                                |
                    Defendant.    |
28

COLLECTIVE ACTION COMPLAINT

Plaintiffs Melissa Lillehagen, Sharon Shaw, Janna Carlile, Shanai Whitmore, Akesha Grizzard and Joshua Dickson (collectively "Plaintiffs"), on behalf of themselves and all others similarly situated, file this Original Complaint against the Defendant Alorica, Inc. (hereinafter "Alorica") showing in support as follows:

## I. INTRODUCTION AND NATURE OF THE ACTION

1.    This is a collective action lawsuit to recover unpaid minimum wages and overtime compensation pursuant to the federal Fair Labor Standards Act, 29 USC §§ 201-219, and the federal Portal-to-Portal Pay Act, 29 USC §§ 251-262 (collectively "FLSA"), on behalf of Plaintiffs and similarly situated current and former employees of Alorica who worked for Alorica in an hourly-paid customer service representative position at any time from three years prior to the filing of this lawsuit forward.

2.    Alorica operates call centers throughout the United States. Alorica's primary headquarters is in Irvine, California. Alorica also operates at least one of its call centers in the State of California. Alorica also operates U.S.-based call centers in at least the following states: Alabama, Colorado, Florida, Georgia, Indiana, Iowa, Kansas, North Carolina, Oklahoma, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Utah, and Virginia.

3.    Plaintiffs and the putative collective action members work or worked for Alorica at one of its U.S.-based call centers as a customer service representative. In that position, Plaintiffs provided services to customers by telephone. Alorica provides customer service at its call centers for a number of companies and organizations. For example, at some of its call centers, Alorica provides customer service to customers of AT&T.

COLLECTIVE ACTION COMPLAINT

4.      As a term and condition of the customer service representative position, Alorica requires each of its customer service representatives to record his/her time worked by logging on to a telephone system.  Specifically, Alorica utilizes and has utilized for some time a compensation scheme whereby it only pays its customer service representatives for time spent working while logged into the call center's computerized telephone system.

5.      By policy and practice, during the period of time at issue in this litigation, Alorica has enforced a company-wide policy whereby customer service representatives were required to log off Alorica's computerized telephone system when taking breaks of less than twenty (20) minutes, particularly breaks that were not regularly-scheduled breaks.  By policy and practice, Alorica would require customer service representatives to log back on to Alorica's computerized telephone system upon return from a short break of less than twenty (20) minutes.  Alorica was not compensating customer service representatives for these short breaks (rest periods) of less than twenty minutes, particularly unscheduled breaks of less than twenty (20) minutes.

6.      "Login/logout data" is the term Alorica uses to describe its employee time records created by events in which each customer service representative logs on and then logs off Alorica's computerized telephone system.

7.      Of primary importance to this litigation, Alorica has created and utilized a company-wide compensation scheme whereby Alorica evaluates its "login/logout data" for each customer service representative in a manner which treats any break in time of less than twenty (20) minutes during a customer service representative's "continuous work day" (as that term is defined under the FLSA) as uncompensated time.  This is a

direct violation of the FLSA, which provides a bright line test regarding the
compensability of rest periods of less than twenty minutes:

> Rest periods of short duration, running from five minutes to about
> twenty minutes, are common in industry.  They promote the efficiency
> of the employee and are customarily paid for as working time.  They
> must be counted as hours worked.  Compensable time of rest periods
> may not be offset against other working time such as compensable
> waiting time or on-call time.

29 CFR § 785.18.

8.    To provide greater detail, Alorica has created a company-wide pay roll
scheme whereby it treats any break in time of less than twenty minutes as uncompensated
time, regardless of the reason for the break in time in the customer service
representative's login/logout data.  For example, under its pay roll scheme, Alorica would
treat an unscheduled break of less than twenty (20) minutes as uncompensated time if a
customer service representative took the break for a personal reason (e.g., restroom break,
cigarette break), but Alorica would also treat any break in time of less than twenty (20)
minutes shown on the employee's login/logout data as uncompensated time if Alorica's
own equipment failed and caused the customer service representative to be logged off the
system for a period of time.

9.    In this case, one source of information - Alorica's login/logout data - will
readily show each occasion upon which a customer service representative was not paid
for a break of less than twenty (20) minutes by showing a date, logout time, and a time
the employee logged back on the clock.  This is true on a company-wide basis and will
provide a simple method to prove each FLSA violation committed by Alorica against
each Plaintiff and each putative collective action member.

10.    Plaintiffs herein seek certification of a FLSA collective action, pursuant to
29 USC § 216(b), for all similarly situated Alorica customer service representatives
working for Alorica at any of its call centers in the United States.  The relevant period of

3

1  time for this lawsuit is three years preceding the filing of this lawsuit forward.

## II.  THE PARTIES

### A.  Plaintiff Melissa Lillehagen

11.    Plaintiff Melissa Lillehagen is a former Alorica employee and is a natural person who is a citizen of the State of Indiana.

12.    Plaintiff Lillehagen has standing to file this lawsuit and consents to participate in a collective action pursuant to the FLSA.

13.    Plaintiff Lillehagen worked for Alorica at its call center in Lafayette, Indiana.

14.    Plaintiff Lillehagen worked for Alorica in Lafayette, Indiana as a customer service representative from approximately July 2010 until July 2011.  Lillehagen also worked for the company as a quality analyst and a trainer from July 2011 until she voluntarily resigned in September 2012.

15.    Plaintiff Lillehagen was an employee of Alorica as that term is defined under the FLSA.

### B.  Plaintiff Sharon Shaw

16.    Plaintiff Sharon Shaw is a former Alorica employee and is a natural person who is a citizen of the State of Oklahoma.

17.    Plaintiff Shaw has standing to file this lawsuit and consents to participate in a collective action pursuant to the FLSA.

18.    Plaintiff Shaw worked for Alorica at its call center in Tulsa, Oklahoma.

19.    Plaintiff Shaw worked for Alorica in Tulsa, Oklahoma as a customer service representative from approximately January 2009 until January 2012.

20.    Plaintiff Shaw was an employee of Alorica as that term is defined under the FLSA.

4

### C.  Plaintiff Janna Carlile

21.    Plaintiff Janna Carlile is a former Alorica employee and is a natural person who is a citizen of the State of Oklahoma.

22.    Plaintiff Carlile has standing to file this lawsuit and consents to participate in a collective action pursuant to the FLSA.

23.    Plaintiff Carlile worked for Alorica at its Eastgate call center in Tulsa, Oklahoma.

24.    Plaintiff Carlile worked for Alorica in Tulsa, Oklahoma as a customer service representative from approximately April 2010 until November 2012.

25.    Plaintiff Carlile was an employee of Alorica as that term is defined under the FLSA.

### D.  Plaintiff Shanai Whitmore

26.    Plaintiff Shanai Whitmore is a former Alorica employee and is a natural person who is a citizen of the State of Oklahoma.

27.    Plaintiff Whitmore has standing to file this lawsuit and consents to participate in a collective action pursuant to the FLSA.

28.    Plaintiff Whitmore worked for Alorica at its Eastgate and CityPlex call centers in Tulsa, Oklahoma.

29.    Plaintiff Whitmore worked for Alorica in Tulsa, Oklahoma as a customer service representative from approximately November 2006 until November 2012.

30.    Plaintiff Whitmore was an employee of Alorica as that term is defined under the FLSA.

### E.  Plaintiff Akesha Grizzard

31.    Plaintiff Akesha Grizzard is a former Alorica employee and is a natural person who is a citizen of the State of Oklahoma.

32.    Plaintiff Grizzard has standing to file this lawsuit and consents to participate

in a collective action pursuant to the FLSA.

33.    Plaintiff Grizzard worked for Alorica at its Eastgate and CityPlex call centers in Tulsa, Oklahoma.

34.    Plaintiff Grizzard worked for Alorica in Tulsa, Oklahoma as a customer service representative from approximately April 2008 until September 2011.

35.    Plaintiff Grizzard was an employee of Alorica as that term is defined under the FLSA.

### F.  Plaintiff Joshua Dickson

36.    Plaintiff Joshua Dickson is a former Alorica employee and is a natural person who is a citizen of the State of Oklahoma.

37.    Plaintiff Dickson has standing to file this lawsuit and consents to participate in a collective action pursuant to the FLSA.

38.    Plaintiff Dickson worked for Alorica at its Eastgate and CityPlex call centers in Tulsa, Oklahoma.

39.    Plaintiff Dickson worked for Alorica in Tulsa, Oklahoma as a customer service representative from approximately May 2008 until June 2011.

40.    Plaintiff Dickson was an employee of Alorica as that term is defined under the FLSA.

### G.  Defendant Alorica, Inc.

41.    Defendant Alorica, Inc. is a corporation incorporated under the laws of the State of California.

42.    Alorica's principal office and place of business is located at 5 Park Plaza, Suite 1100, Irvine, California 92614.

43.    Alorica is an employer as that term is defined under the FLSA.

44.    At all times relevant to this lawsuit, Alorica has been an enterprise engaged in commerce as that term is defined under the FLSA.  On information and belief,

COLLECTIVE ACTION COMPLAINT

Alorica's gross volume of sales has exceeded $500,000 in each year relevant to this lawsuit.

45.     At all times relevant to this lawsuit, Alorica has employed more than two employees who are engaged in commerce and/or in the production of goods for commerce and/or who have handled, sold or otherwise worked on goods or materials that have been moved in or produced for commerce by any person.

46.     Alorica may be served with process by serving its registered agent, Corporate Creations Network, Inc., 131A Stony Cir., Ste 500 Santa Rosa, CA 95401-9507.

## III.  JURISDICTION

47.     This Court has subject matter jurisdiction based on federal question jurisdiction, because Plaintiffs base their claims and the claims on behalf of the putative collective action members on federal law, 29 USC §§ 201, *et seq.*

48.     This Court has personal jurisdiction over Alorica based upon both general and specific jurisdiction, particularly as Alorica does business in the State of California and also maintains its corporate headquarters in the State of California.

## IV.  VENUE

49.     Alorica's principal place of business is located within the Southern Division of the U.S. District Court for the Central District of California - specifically Orange County, California.

50.     Furthermore, a significant part of the events or omissions which give rise to this claim occurred in the Southern Division of the U.S. District Court for the Central District of California.

## V.  FACTUAL SUMMARY

51.     The Plaintiffs and putative collective members are current and former customer service representatives that worked for Alorica at one or more of Alorica's call

centers in the United States.

52.    Alorica operates call centers throughout the United States.  Alorica's primary headquarters is in Irvine, Orange County, California.  Alorica also operates at least one of its call centers in the State of California.  Alorica also operates U.S.-based call centers in at least the following states:  Alabama, Colorado, Florida, Georgia, Indiana, Iowa, Kansas, North Carolina, Oklahoma, Pennsylvania, South Carolina, South Dakota, Tennessee, Texas, Utah, and Virginia.

53.    As customer service representatives for Alorica, Plaintiffs and the putative collective action members provided services to customers by telephone.  Alorica provides customer service at its call centers for a number of large companies and organizations. For example, at some of its call centers, Alorica provides customer service to customers of AT&T.

54.    As a term and condition of the customer service representative position, Alorica requires each of its customer service representatives to record his/her time worked by logging on to a telephone system.  A customer service representative logs on to Alorica's telephone system by pushing a button on the telephone itself.

55.    Specifically, Alorica utilizes and has utilized for some time a compensation scheme whereby it only pays its customer service representatives for time spent working while logged into the call center's computerized telephone system.

56.    During the period of time covered by this lawsuit, three years prior to the date the lawsuit was filed forward, Alorica has had a company-wide policy and actual practice whereby it required its customer service representatives to log off the clock (Alorica's telephone system) if the customer service representative wanted or needed to take a break of less than twenty (20) minutes and had already used his/her scheduled paid break time.

57.    To provide more detail, with its company-wide policy and practice, Alorica

8

1    has enforced a company-wide policy whereby customer service representatives were

2    required to log off Alorica's computerized telephone system when taking breaks of less

3    than twenty (20) minutes, particularly breaks that were not regularly-scheduled breaks.

4    By policy and practice, Alorica would require customer service representatives to log

5    back on to Alorica's computerized telephone system upon return from a short break of

6    less than twenty (20) minutes.  Alorica did not compensate customer service

7    representatives for those short breaks (rest periods) of less than twenty minutes when

8    employees were logged off Alorica's clock (telephone system) during the course of the

9    customer service representative's continuous work day.

10       58.    "Login/logout data" is the term Alorica uses to describe its employee time

11   records created by events in which each customer service representative logs on and then

12   logs off of Alorica's computerized telephone system.

13       59.    Of primary importance to this litigation, Alorica has created and utilized a

14   company-wide compensation scheme whereby Alorica evaluates its "login/logout data"

15   for each customer service representative in a manner which treats any break in time of

16   less than twenty (20) minutes during a customer service representative's "continuous

17   work day" (as that term is defined under the FLSA) as uncompensated time.  The reason

18   for the break in time (meaning, an entry showing the employee is logged out of the time

19   system until a subsequent entry shows the employee is logged back in to the system) is

20   immaterial to Alorica's designed compensation scheme.  Alorica's company-wide policy

21   and practice is such that Alorica interprets its "login/logout data" in a way that treats all

22   breaks of less than twenty (20) minutes as uncompensated time.  This is a direct violation

COLLECTIVE ACTION COMPLAINT

of the FLSA, which provides a bright line test regarding the compensability of rest periods of less than twenty minutes:

> Rest periods of short duration, running from five minutes to about twenty minutes, are common in industry. They promote the efficiency of the employee and are customarily paid for as working time. They must be counted as hours worked. Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time.

29 CFR § 785.18.

60.    To provide examples of Alorica's unlawful company-wide pay roll scheme which treats any break in time of less than twenty minutes as uncompensated time, Alorica would and does treat an unscheduled break of less than twenty (20) minutes as uncompensated time if a customer service representative took the break for a personal reason (e.g., restroom break, cigarette break). However, Alorica would also treat any break in time of less than twenty (20) minutes shown on the employee's login/logout data as uncompensated time if Alorica's own equipment failed and caused the customer service representative to be logged off the system for a period of time through no choice or fault of that customer service representative.

61.    In this litigation, one source of information - Alorica's login/logout data - will readily show each occasion upon which a customer service representative was not paid for a break of less than twenty (20) minutes by showing a date, logout time, and a time the employee logged back on the clock during the middle of that employee's continuous work day. In each instance of an FLSA violation for an unpaid break of less than twenty (20) minutes, Alorica's login/logout data will show a log out time after that employee's initial log in entry and will show another log in entry which occurs prior to the employee's final log out entry for that shift. This is true on a company-wide basis for login/logout records for all customer service representatives. Review of Alorica's company-wide login/logout data will provide a simple method to prove each FLSA

10

1    violation committed by Alorica against each Plaintiff and each putative collective action

2    member.

3        62.    For purposes of clarification, Plaintiffs are not pursuing any claim against

4    Alorica related to Alorica's policy and practice of not paying its customer service

5    representatives for a bona fide meal period of thirty (30) or more minutes.  The FLSA

6    would permit an employer to treat a bona fide meal period of thirty (30) minutes as non-

7    work time.  Plaintiffs are expressly limiting their claims in this litigation to recovery of

8    damages for unpaid breaks (including lunch breaks) or rest periods of less than twenty

9    (20) minutes, as those uncompensated increments of time are identified on Alorica's

10    login/logout data for the Plaintiffs and all putative collective action members or are

11    otherwise established by the evidence in this lawsuit.

12        63.    Plaintiffs herein seek certification of a FLSA collective action, pursuant to

13    29 USC § 216(b), for all similarly situated Alorica customer service representatives

14    working for Alorica at any of its call centers in the United States.  The relevant period of

15    time for this lawsuit is three years preceding the filing of this lawsuit forward.

16        64.    Plaintiffs' claims are particularly well-suited to a company-wide collective

17    action because the litigation focuses upon Alorica's own policies and practices.  Alorica

18    chose to create a time-keeping and pay roll scheme whereby it kept track of short breaks

19    in time of less than twenty minutes and Alorica chose to interpret and treat such time as

20    uncompensated time.  For example, had Alorica interpreted its login/logout data in a

21    manner in which Alorica paid each customer service representative from an initial login

22    entry (a first principal activity) and paid the customer service representative for a

23    continuous work day through a final logout entry (a last principal activity), Alorica could

24    argue that it properly paid each employee for all compensable work time.  This would

25    even be true if Alorica recorded and subtracted from each customer service

26    representative's continuous work day any bona fide meal period of thirty (30) minutes or

27

28

COLLECTIVE ACTION COMPLAINT

more.  However, Alorica violates the FLSA because it interprets its own time records for pay roll purposes such that Alorica treats breaks in time of less than twenty (20) minutes during the continuous work day as uncompensated, non-work time, when the FLSA requires that any break of less than twenty (20) minutes must be treated as work time and must be compensated.

65.   Because Alorica treated breaks of less than twenty (20) minutes, as shown on its login/logout data, as wholly uncompensated, Alorica violated the FLSA's requirement that the employer pay for all "hours worked" and further violated the minimum wage provisions on a company-wide basis.

66.   Alorica's customer service representatives were hourly-paid employees. Most were schedule to work forty (40) or more hours per week.  Had Alorica properly paid Plaintiffs and putative collective action members for all work time, including break periods of less than twenty (20) minutes, Alorica would have owed Plaintiffs and the putative collective action members overtime compensation at a rate equal to one and one-half each customer service representative's regular hourly rate of pay.

67.   Plaintiffs and the putative collective action members regularly worked in excess of forty (40) hours per work week.

68.   Alorica regularly failed to pay Plaintiffs and the putative collective action members overtime compensation for all hours worked over forty (40) in each and every work week.

## VI.  CONTROLLING LEGAL RULES

69.   The FLSA generally requires that an employer employing an employee for a work week exceeding forty (40) hours must compensate the employee for hour worked over forty (40) "at a rate not less than one and one-half times the regular rate of pay."  29 USC § 207(a)(1).

70.   The FLSA generally requires that a minimum wage be paid for all hours

worked.  29 USC § 206.  The current federal minimum wage is $7.25 per hour.

71.    The FLSA and the Portal-to-Portal Act generally require that an employer pay an employee for all "hours worked."  See *Tennessee Coal, Iron & Railroad Co. v. Muscoda Local 123*, 321 U.S. 590 (1944); 29 CFR Part 785.  Failure to pay an employee for all "hours worked" constitutes a violation of the FLSA.

72.    Plaintiffs and the putative collective action members were not "exempt" from the FLSA overtime wage requirements.

73.    Failing to pay the required overtime premium for hours worked over forty (40) in a work week is a violation of the FLSA.

74.    The FLSA defines the "regular rate" as including "all remuneration for employment paid to, or on behalf of, the employee.... ."  29 USC §207(e).

75.    The employer is required to make, keep and preserve wage and hour records in addition to records regarding the conditions and practices of employment for all individuals employed by that employer.  29 USC § 211(c).

76.    "Employ" includes to suffer or permit work.  29 USC § 203(g).

77.    "Workweek" includes "all the time during which an employee is necessarily required to be on the employer's premises, on duty or at a prescribed work place."  29 CFR § 785.7.

78.    "Workday" means "the period between the commencement and completion on the same workday of an employee's principal activity or activities."  29 CFR § 790.6(a).  Principal activities include "all activities which are an integral and indispensable part of the principal activities."  *Steiner v. Mitchell*, 350 U.S. 247, 252-53 (1956).

79.    "Rest periods of short duration, running from five minutes to about twenty minutes, are common in industry.  They promote the efficiency of the employee and are customarily paid for as working time.  They must be counted as hours worked.

Compensable time of rest periods may not be offset against other working time such as compensable waiting time or on-call time." 29 CFR § 785.18.

80.   Work not requested but suffered or permitted is "work time." 29 CFR § 785.11.

## VII.  FLSA CLAIMS FOR MINIMUM WAGES, STRAIGHT TIME COMPENSATION AND OVERTIME PAY

81.   This action is authorized and instituted pursuant to the FLSA.

82.   All conditions precedent to this suit, if any, have been fulfilled.

83.   At all material times, Plaintiffs and the putative collective action members are/were employees under the FLSA.  29 USC § 203(e).

84.   At all material times, the putative collective action members are/were similarly situated to the Plaintiffs and to each other and are/were employees under the FLSA.  29 USC § 203(e).

85.   At all material times, Alorica was and is eligible and a covered employer under the FLSA.  29 USC § 203(d).

86.   Plaintiffs and the putative collective action members regularly performed compensable work and performed "hours worked" for which they were not properly compensated by Alorica.

87.   Plaintiffs and the putative collective action members regularly worked in excess of forty (40) hours per seven (7) day workweek at all times relevant to this lawsuit.

88.   At all material times, Plaintiffs and the putative collective action members are/were entitled to overtime compensation at one and one-half times the regular rate of pay.  29 USC § 207(a)(1).

89.   Alorica failed and refused to pay Plaintiffs and putative collective action members for all "hours worked," particularly as Alorica failed to pay for work time

14

1  consisting of breaks or rest periods of less than twenty (20) minutes.  Alorica was

2  required, at the least, to pay for these hours worked at a regular rate of pay or straight

3  time, but Alorica failed to make any payment for this work time, all in violation of the

4  FLSA.  In so doing, Alorica also violated the FLSA's minimum wage provisions.

5      90.    By not paying Plaintiffs and putative collective action members for short

6  breaks or rest periods of less than twenty (20) minutes, Alorica failed repeatedly to pay

7  Plaintiffs and putative collective action members overtime compensation for all hours

8  worked in excess of forty (40) during each and every seven (7) day workweek in the time

9  period relevant to this lawsuit.

10     91.    Alorica's violations of the FLSA are and have been willful within the

11  meaning of 29 USC § 255(a).

12     92.    Alorica has not made a good faith effort to comply with the requirements of

13  29 USC § 260.  Accordingly, Plaintiffs and the putative collective action members are

14  entitled to liquidated damages.

15     93.    Plaintiffs and the putative collective action members seek all damages and

16  remedies available to them under the FLSA.  29 USC § 216(b).

17     94.    On information and belief, Alorica did not make, keep and preserve proper

18  records required of the company by 29 USC § 211(c).

19     95.    Where, as here, "the employer's actions or policies were effectuated on a

20  company-wide basis, notice may be sent to all similarly situated persons on a company-

21  wide basis." *Jones v. Supermedia, Inc.,* 281 F.R.D. 282, 290 (N.D. Tex. 2012) (certifying

22  nationwide collective action in FLSA case); *Ryan v. Staff Care, Inc.*, 497 F. Supp. 2d

23  820, 825 (N.D. Tex. 2007) (same); *Winfield v. Citibank*, No. 10 Civ. 7304, 2012 U.S.

24  Dist. LEXIS 16449 at *32-33 (S.D.N.Y. Jan. 27, 2012) (nationwide notice in FLSA

25  collective action overtime wage case proper when Plaintiffs made the "modest showing

26  that they were subject to a common policy or plan that violated the law.")

27     96.    Accordingly, Plaintiffs seek to represent a collective action under 29 USC §

28  _____
                           15

1  216(b) on behalf of "all current and former Alorica customer service representatives who

2  are/were employed by Alorica at call centers in the United States and who were not paid

3  minimum wages, straight time compensation and/or overtime compensation for

4  compensable work time spent in breaks or rest periods of less than twenty (20) minutes in

5  any workweek during the three year period preceding the filing of this complaint

6  forward."

7    97.    Plaintiffs reserve the right to amend the collective action definition if

8  discovery and/or further investigation reveal that the class should be modified.  Plaintiffs

9  also reserve the right to establish sub-classes as warranted by the facts.

10    98.    Plaintiffs hereby consent to sue for violations of the FLSA pursuant to 29

11  USC §§ 206, 207, 216(b) and 256.

12    99.    Plaintiffs and the putative class members make no claims pursuant to any

13  federal statute other than claims pursuant to the federal Fair Labor Standards Act and the

14  Portal-to-Portal Pay Act.

15  <center>**VIII.  JURY DEMAND**</center>

16    100.    Plaintiffs demand a jury trial for their Fair Labor Standards Act and

17  Portal-to-Portal Pay Act claims.

18  <center>**IX.  DAMAGES AND PRAYER**</center>

19    101.    Plaintiffs ask that the Court issue a summons for Alorica to appear and

20  answer, and that Plaintiffs and those similarly situated to Plaintiffs be awarded a

21  judgment against Alorica for the following:

22    a.    Actual damages in the amount of unpaid wages and overtime

23       compensation;

24    b.    Liquidated damages under the FLSA;

25    c.    Pre-judgment and post-judgment interest;

26    d.    Court costs;

27    e.    Reasonable attorney's fees and expenses under the FLSA;

28

<center>16</center>

f.    Any and all other relief to which Plaintiffs and those similarly situated may be entitled.

Dated:  January 18, 2013                  BARON & BUDD, P.C.

BY

Mark Pifko

Roland Tellis (SBN 186269)
rtellis@baronbudd.com
Mark Pifko (SBN 228412)
mpifko@baronbudd.com
Natasha Mehta (SBN 272241)
nmehta@baronbudd.com
BARON & BUDD, P.C.
15910 Ventura Blvd., Suite 1600
Encino, California 91436
Telephone:  (818) 839-2333
Facsimile:   (818) 986-9698

Allen R. Vaught (to be admitted *Pro Hac Vice*)
avaught@baronbudd.com
BARON & BUDD, P.C.
3102 Oak Lawn Ave, Suite 1100
Dallas, Texas 75219
Telephone:  (214) 521-3605
Facsimile:   (214) 520-1181

Robert P. Kondras, Jr. (to be admitted *Pro Hac Vice*)
kondras@huntlawfirm.net
HUNT, HASSLER & LORENZ LLP
100 Cherry Street
Terre Haute, Indiana 47807
Telephone:  (812) 232-9691
Facsimile:   (812) 234-2881

Attorneys for Plaintiffs
MELISSA LILLEHAGEN, SHARON SHAW,
JANNA CARLILE, SHANAI WHITMORE,
AKESHA GRIZZARD, and JOSHUA DICKSON, on
behalf of themselves and others similarly situated

17

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge David O. Carter and the assigned discovery Magistrate Judge is Jean P. Rosenbluth.

The case number on all documents filed with the Court should read as follows:

## SACV13- 92 DOC (JPRx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

= = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = = =

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[ ] **Western Division**
312 N. Spring St., Rm. G-8
Los Angeles, CA 90012

[X] **Southern Division**
411 West Fourth St., Rm. 1-053
Santa Ana, CA 92701-4516

[ ] **Eastern Division**
3470 Twelfth St., Rm. 134
Riverside, CA 92501

Failure to file at the proper location will result in your documents being returned to you.

CV-18 (03/06)     NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**

CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
MELISSA LILLEHAGEN, SHARON SHAW, JANNA CARLILE, SHANAI WHITMORE, AKESHA GRIZZARD and JOSHUA DICKSON, on behalf of themselves and others similarly situated

**DEFENDANTS**
ALORICA, INC.

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Roland Tellis (SBN 186269); Mark Pifko (SBN 228412)
Natasha Mehta (SBN 272241); BARON & BUDD, P.C.
15910 Ventura Boulevard, #1600, Encino, CA 91436; 818.839.2332

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☑ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
☑ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☑ No   ☐ MONEY DEMANDED IN COMPLAINT: $ _____

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
29 U.S.C. sections 201 et seq.

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☑ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | ☐ 740 Railway Labor Act |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 790 Other Labor Litigation |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | PROPERTY RIGHTS |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | ☐ 820 Copyrights |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 830 Patent |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury- Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 840 Trademark |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury- Product Liability | ☐ 443 Housing/Acco- mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | SOCIAL SECURITY |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | ☐ 861 HIA (1395ff) |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 862 Black Lung (923) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | IMMIGRATION | ☐ 650 Airline Regs | ☐ 864 SSID Title XVI |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 446 American with Disabilities - Other | ☐ 660 Occupational Safety /Health | ☐ 865 RSI (405(g)) |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | ☐ 462 Naturalization Application | ☐ 690 Other | FEDERAL TAX SUITS |
| ☐ 900 Appeal of Fee Determi- nation Under Equal Access to Justice | ☐ 230 Rent Lease & Ejectment | ☐ 240 Torts to Land | ☐ 463 Habeas Corpus- Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| ☐ 950 Constitutionality of State Statutes | ☐ 240 Torts to Land | ☐ 245 Tort Product Liability | ☐ 465 Other Immigration Actions | | ☐ 871 IRS-Third Party 26 USC 7609 |
| | ☐ 245 Tort Product Liability | ☐ 290 All Other Real Property | ☐ 440 Other Civil Rights | | |
| | ☐ 290 All Other Real Property | | | | |

**SACV13-00092 DOC (JPRx)**

FOR OFFICE USE ONLY:   Case Number: _____

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)                          CIVIL COVER SHEET                          Page 1 of 2

## UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
### CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
  ☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
  ☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
  ☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐   Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Oklahoma |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐   Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Orange County | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
  Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | Oklahoma |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): _Mark Pifko_        Date **January 18, 2013**

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

**Key to Statistical codes relating to Social Security Cases:**

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the
Central District of California

| | |
|---|---|
| MELISSA LILLEHAGEN, SHARON SHAW, JANNA CARLILE, SHANAI WHITMORE, AKESHA GRIZZARD and JOSHUA DICKSON, on behalf of themselves and others similarly situated | ) ) ) ) ) ) |
| *Plaintiff(s)* | ) |
| v. | ) ) |
| ALORICA, INC. | ) ) ) |
| *Defendant(s)* | ) |

**SACV13-00092 DOC (JPRx)**

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*  ALORICA, INC.
5 Park Plaza, Suite 1100
Irvine, CA 92614

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date:  JAN 1 8 2013

_____
*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

☐ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

☐ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

☐ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

☐ I returned the summons unexecuted because _____ ; or

☐ Other *(specify):*


My fees are $ _____ for travel and $ _____ for services, for a total of $   0.00   .

I declare under penalty of perjury that this information is true.


Date: _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: