O

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL

| | |
|---|---|
| Case No. SACV 13-0092-DOC (JPRx) | Date: May 15, 2014 |

Title: MELISSA LILLEHAGEN ET AL. V. ALORICA, INC.

---

PRESENT:

### THE HONORABLE DAVID O. CARTER, JUDGE

| Julie Barrera | Not Present |
|---|---|
| Courtroom Clerk | Court Reporter |

| ATTORNEYS PRESENT FOR PLAINTIFF: | ATTORNEYS PRESENT FOR DEFENDANT: |
|---|---|
| None Present | None Present |

---

**PROCEEDINGS (IN CHAMBERS):**     **ORDER DENYING MOTION TO AMEND AND CERTIFY ORDER FOR INTERLOCUTORY REVIEW PURSUANT TO 28 U.S.C. § 1292(b) [75]**

      Before the Court is Alorica, Inc.'s ("Defendant") Motion to Amend and Certify Order for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b) ("Motion") (Dkt. 75). The Court finds this matter appropriate for decision without oral argument. *See* Fed. R. Civ. P. 78; *see also* C.D. Cal. R. 7-15. Having considered the moving, opposing, and replying papers, as well as the entirety of the record, the Court DENIES Defendant's Motion.

### I. BACKGROUND

      The facts that Plaintiff alleges are as follows:

      Defendant operates call centers throughout the United States. Compl. ¶ 52 (Dkt. 1). Melissa Lillehagen, Sharon Shaw, Janna Carlile, Shanai Whitmore, Akesha Grizzard, and Joshua Dickson (collectively, "Plaintiffs") are former customer service representatives of Defendant. *See id.* ¶¶ 11–40.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0092-DOC (JPRx)                              Date: May 14, 2014

Page 2

As a term and condition of the customer service representative position, Defendant requires each of its customer service representatives to record their time worked, by logging on and off a telephone system. *Id.* ¶ 54. Around the time of the lawsuit, Defendant maintained a company-wide policy and practice whereby it required its customer service representatives to log off the clock if they took a break of less than twenty minutes and had already used their scheduled paid break time. *Id.* ¶¶ 56–57. Even if Defendant's own equipment failed and caused the employee to be logged off the system for less than twenty minutes, Defendant treated such failures as uncompensated time. *Id.* ¶ 60.

On January 18, 2013, Plaintiffs filed a collective action lawsuit for violations of the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq.* ("FLSA"). *See* Compl. (Dkt. 1). On October 24, 2013, the Court granted Plaintiffs' Motion for Conditional FLSA Certification ("Order"). *See* Order (Dkt. 67). On November 21, 2013, Defendant filed the present Motion to Amend and Certify Order for Interlocutory Review Pursuant to 28 U.S.C. § 1292(b). *See* Motion (Dkt. 75).

## II. LEGAL STANDARD

28 U.S.C. § 1292(b) provides a means for litigants to bring an immediate appeal of a non-dispositive order with the consent of both the district court and the court of appeals. *In re Cement Antitrust Litig.*, 673 F.2d 1020, 1025–26 (9th Cir. 1982). A district court may certify an order for interlocutory appellate review under Section 1292(b) if the following three requirements are met: "(1) there is a controlling question of law, (2) there are substantial grounds for difference of opinion, and (3) an immediate appeal may materially advance the ultimate termination of the litigation." *Id.* at 1026; 28 U.S.C. § 1292(b).

"Section 1292(b) is a departure from the normal rule that only final judgments are appealable, and therefore must be construed narrowly." *James v. Price Stern Sloan, Inc.*, 283 F.3d 1064, 1067 n.6 (9th Cir. 2002). Indeed, the legislative history of Section 1292 suggests that it ought to be used "only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation." *In re Cement Antitrust Litig.*, 673 F.2d at 1026 (citing *U.S. Rubber Co. v. Wright*, 359 F.2d 784, 785 (9th Cir. 1966)); *Fukuda v. Cnty. of Los Angeles*, 630 F. Supp. 228, 299 (C.D. Cal. 1986) ("The party seeking certification has the burden of showing that exceptional circumstances justify a departure from the 'basic policy of postponing appellate review until after the entry of a final judgment.'") (citing *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 475 (1978)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0092-DOC (JPRx)                                                    Date: May 14, 2014
                                                                                     Page 3

### III.  DISCUSSION

Defendant presents two questions for this Court to certify for interlocutory review:

(1) Does the "two-step approach" applied by the Court still remain appropriate as a general procedure for conditional certification of a collective action under the FLSA?
(2) If so, does the "fairly lenient" standard applied by the Court still remain the appropriate burden that plaintiffs must meet for conditional certification when they are seeking to sue under 29 U.S.C. 216(b) of the FLSA on behalf of themselves and other employees similarly situated?

Mot. at 1.  For the reasons discussed below, the Court finds that Defendant has not met its burden of showing that exceptional circumstances warrant this Court to grant Defendant's Motion.

### A.  Controlling Question of Law

A question of law is "controlling" under Section 1292(b) if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court;" however, resolution of the issue need not dispose of the case entirely.  *In re Cement Antitrust Litig.*, 673 F.2d at 1026.  Examples of controlling questions of law include fundamental issues such as "the determination of who are necessary and proper parties, whether a court to which a case has been transferred has jurisdiction, or whether state or federal law should be applied." *Id.* at 1026–27 (quoting *United States v. Woodbury*, 263 F.2d 784, 787 (9th Cir. 1959)).

Defendant asserts that the Court's Order granting conditional certification concerns a controlling question of law for the purposes of a Section 1292(b) interlocutory appeal.  Mot. at 16–17. However, at least one Ninth Circuit case suggests otherwise.  *See Blackie v. Barrack*, 524 F.2d 891, 898 n.13 (9th Cir. 1975) ("Generally an order granting class action status does not involve a controlling question of law when entered because it has no significant effect on the litigation until issues not pertaining to the personal claims of the class representative have been decided.") (citing *Interlocutory Appeals in the Federal Courts Under 28 U.S.C.§ 1292(b)*, 88 Harv. L. Rev. 607, 630–31 n.97 (1975)). Although *Blackie* is in the context of class actions, a similar reasoning is applicable for collective actions.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-0092-DOC (JPRx)  Date: May 14, 2014
Page 4

  To the extent that neither the Supreme Court nor courts within the Ninth Circuit have directly addressed whether an order granting FLSA conditional certification presents a controlling question of law, this Court finds persuasive other circuit courts' guidance on the matter and denies Defendant's request for interlocutory review. *See, e.g.*, *Comer v. Wal-Mart Stores, Inc.*, 454 F.3d 544, 549 (6th Cir. 2006) ("We hold that a conditional order approving notice to prospective co-plaintiffs in a suit under [the FLSA] is not appealable."); *Baldridge v. SBC Commc'ns., Inc.*, 404 F.3d 930, 931 (5th Cir. 2005) (denying defendants' request for interlocutory appeal of order granting FLSA conditional certification "because the question of class certification has not yet been conclusively determined. . . ."); *Lusardi v. Xerox Corp.*, 747 F.2d 174, 175, 177–78 (3d Cir. 1984) (age discrimination in employment case following FLSA collective action procedure where trial court rejected Section 1292(b) request for interlocutory appeal and appellate court rejected Section 1291 interlocutory appeal because the collective action certification was "conditional" and there was "a plain prospect that the trial court may itself alter the challenged ruling," resulting in "little justification for immediate appellate intrusion"); *Long v. CPI Sec. Sys., Inc.*, No. 3:12-cv-396-RJC-DSC, 2013 WL 3761078, at *2 (W.D.N.C. Jul. 16, 2013) ("Where a court's decision is conditional and may be altered or amended before decision on the merits, the decision is not a controlling question of law to be reviewed under § 1292(b)."); *Pereira v. Foot Locker, Inc.*, No. 07-CV-2157, 2010 WL 300027, at *10–11 (E.D. Pa. Jan. 25, 2010) (same); *LaFleur v. Dollar Tree Stores, Inc.*, No. 2:12-cv-00363, 2013 WL 150722, at *11 (E.D. Va. Jan. 11, 2013) (conditional grant of FLSA collective action certification does not present a controlling question of law under § 1292(b) because it is "temporary in nature" as defendant "will have ample opportunity at the end of Phase I discovery to seek decertification").

  Accordingly, Defendant has not presented a controlling question of law that would merit the Court to certify Defendant's request for interlocutory review.

  **B. Substantial Grounds for Difference of Opinion**

  Even if the Court is to presume that Defendant has presented controlling questions of law, "substantial ground for difference of opinion" does not exist. Courts determine whether there is a "substantial ground for difference of opinion" by examining "to what extent the controlling law is unclear." *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010). "Courts traditionally will find that a substantial ground for difference of opinion exists where the circuits are in dispute on the question and the court of appeals of the circuit has not spoken on the point, if complicated questions arise under foreign law, or if novel and difficult questions of first impression are presented." *Id.* at 633; *Reese v. BP Exploration (Alaska) Inc.*, 643 F.3d 681, 688 (9th Cir. 2011).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0092-DOC (JPRx)                                                Date: May 14, 2014
                                                                                                                 Page 5

### 1. Whether the "Two-Step Inquiry" is the Appropriate Test

Defendant first asserts that the "two-step inquiry" may not be the appropriate test for collective action certification under Section 216(b),[1] as neither the Supreme Court nor the Ninth Circuit has endorsed such a test. Mot. at 10–13. Although the Supreme Court and Ninth Circuit have yet to articulate the proper test for certification of an FLSA action, district courts in this Circuit apply a two-step inquiry. *See, e.g.*, *Leuthold v. Destination Am., Inc.*, 224 F.R.D. 462, 466–67 (N.D. Cal. 2004); *Adams v. Inter-Con Sec. Sys., Inc.*, 242 F.R.D. 530, 536 (N.D. Cal. 2007). Under the first step, the court makes an initial "notice-stage" determination of whether potential opt-in plaintiffs are "similarly situated" to the representative plaintiffs, determining whether a collective action should be certified for the sole purpose of sending notice of the action to potential class members. *Id.*; *Genesis Healthcare Corp. v. Symczyk*, 133 S. Ct. 1523, 1530 (2013) ("The sole consequence of conditional certification is the sending of court-approved written notice to employees, who in turn become parties to a collective action only by filing written consent with the court, § 216(b).") (internal citation omitted).

Neither the FLSA nor the Ninth Circuit has expressly defined "similarly situated." Nevertheless, district courts apply a lenient standard for certification at this stage, which typically results in certification. *See Kress v. PricewaterhouseCoopers, LLP*, 263 F.R.D. 623, 627–28 (E.D. Cal. 2009) (citing *Wynn v. Nat'l Broad. Co., Inc.*, 234 F. Supp. 2d 1067, 1082 (C.D. Cal. 2002)). The standard is met by a showing that plaintiffs were subjected to the same FLSA exemption classification and performed similar job duties. *See, e.g.*, *Kress*, 263 F.R.D. at 629–30. As a practical matter, "[a]t this stage of the analysis, courts usually rely only on the pleadings and any affidavits that have been submitted." *Leuthold*, 224 F.R.D. at 468. Plaintiffs need not conclusively establish that collective resolution is proper, because a defendant will be free to revisit this issue at the close of discovery. *See Kress*, 263 F.R.D. at 630.

At least five courts of appeals have affirmed the use of this two-tiered approach. *See White v. Baptist Mem'l Health Care Corp.*, 699 F.3d 869, 877 (6th Cir. 2012); *Myers v. Hertz Corp.*, 624 F.3d 537, 554–55 (2d Cir. 2010); *Sandoz v. Cingular Wireless LLC*, 553 F.3d 913, 915 n.2 (5th Cir. 2008); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1260 (11th Cir. 2008); *Thiessen v. Gen. Elec. Capital Corp.*, 267 F.3d 1095, 1105

---

[1] Section 216(b) states: "[a]n action to recover the liability . . . may be maintained against any employer . . . in any Federal or State court of competent jurisdiction by any one or more employees for and in behalf of himself or themselves and other employees *similarly situated*." 29 U.S.C. § 216(b) (emphasis added).

Case 8:13-cv-00092-DOC-JPR Document 118 Filed 05/15/14 Page 6 of 10 Page ID #:11144

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0092-DOC (JPRx)                                Date: May 14, 2014

Page 6

(10th Cir. 2001).

Because the Court has found that courts generally apply the two-tiered approach for conditional FLSA certification, and Defendant has not cited to competing authority or convincingly explained why an alternate analysis should apply, the Court concludes that there are no "substantial grounds for difference of opinion" on the first question. *See Perez v. Seafood Peddler of San Rafael, Inc.*, No. 12-cv-00116-WHO, 2013 WL 5513167, at *10 (N.D. Cal. Oct. 4, 2013) ("In determining whether a substantial ground for difference of opinion exists, it is worth noting that 28 U.S.C. § 1292 was intended to be used 'only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation.'") (citing *Spears v. Wash. Mut. Bank FA*, No. C-08-00868 RMW, 2010 WL 54755, at *6 (N.D. Cal. Jan. 8, 2010).

## 2. Differences between FLSA Section 216(b) Certification and Rule 23 Certification

Defendant next asserts that the "fairly lenient" standard is not appropriate to define "similarly situated" under Section 216(b) and instead should be a higher standard similar to the "commonality" requirement of Rule 23(a)(2).[2] Although there may be some basis for concluding that Rule 23 and Section 216(b) can be read in concert, the "commonality" requirement of Rule 23(a)(2) does not apply to Section 216(b), and would be insufficient even if it were applicable.

On its face, Defendant's proposition seems logical. Requiring that plaintiffs have common questions of law or fact at issue and that the representative plaintiff has claims typical of the class appears to reasonably define "similarly situated." Upon further examination, however, Rule 23(a)(2) would not be enough. In isolation, the requirements of Rule 23(a) are not all that is needed for a class action to go forward. Rather, to proceed with a class action, representative plaintiffs must also meet one of the alternative requirements of Rule 23(b), which are more stringent. *See, e.g.*, *Harris v. Vector Mktg. Corp.*, 753 F. Supp. 2d 996, 1003 (N.D. Cal. 2010) ("similarly situated" standard under the FLSA is not as stringent as the "common questions predominate" standard under Rule 23(b)(3)). Analogously, the "similarly situated" standard of Section 216(b) for collective actions would then require more than compliance with Rule 23(a). Such a definition of "similarly situated," however, would be noxious for plaintiffs bringing collective action suits under the FLSA.

---

[2] The commonality requirement states: "One or more members of a class may sue or be sued as representative parties on behalf of all members only if . . . there are questions of law or fact common to the class." Fed. R. Civ. P. 23(a)(2).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0092-DOC (JPRx)                                                         Date: May 14, 2014
                                                                                                                                   Page 7

      As a preliminary matter, a "collective" action differs from a "class" action. *McElmurry v. U.S. Bank Nat. Ass'n*, 495 F.3d 1136, 1139 (9th Cir. 2007); Charles Alan Wright et al., 7B Fed. Prac. & Proc. § 1807 (3d ed. 2005). In a class action, once the district court certifies a class under Rule 23, all class members are bound by the judgment unless they opt *out* of the suit. *Id.* By contrast, in a collective action each plaintiff must opt *into* the suit by "giv[ing] his consent in writing." 29 U.S.C. § 216(b); *McElmurry*, 495 F.3d at 1139. As a result, unlike a class action, only those plaintiffs who expressly join the collective action are bound by its outcome. *See Partlow v. Jewish Orphans' Home of S. Cal., Inc.*, 645 F.2d 757, 758–59 (9th Cir. 1981), *abrogated on other grounds by Hoffmann-La Roche Inc. v. Sperling*, 493 U.S. 165 (1989). Because non-parties to a collective action are not subject to claim preclusion, giving notice to potential plaintiffs of a collective action has less to do with the due process rights of the potential plaintiffs and more to do with the named plaintiffs' interest in vigorously pursuing the litigation and the district court's interest in "managing collective actions in an orderly fashion." *Hoffmann-La Roche*, 493 U.S. at 173. Although Section 216(b) does not require district courts to approve or authorize notice to potential plaintiffs, the Supreme Court held in *Hoffmann-La Roche* that it is "within the discretion of a district court" to authorize such notice. *Id.* at 171; *see also Does I thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1064 (9th Cir. 2000) (a district court "may authorize the named plaintiffs . . . to send notice to all potential plaintiffs").

      Consequently, courts have emphasized that a fairly lenient standard is used at the notice-stage step because a court does not have much evidence at that point in the proceedings—just the pleadings and any declarations submitted. *See Vasquez v. Coast Valley Roofing, Inc.*, 670 F. Supp. 2d 1114, 1123 (E.D. Cal. 2009). In contrast, at the second step, a stricter standard is applied because there is much more information available, "which makes a factual determination possible." *Id.*; *see also Labrie v. UPS Supply Chain Solutions, Inc.*, No. C 08–3182 PJH, 2009 WL 723599, at *4 (N.D. Cal. Mar. 18, 2009) (noting that the first step "is characterized by a fairly lenient standard, necessitated by the fact that not all discovery will have been completed at the time of the motion;" while, at the second step, "the court engages in a more stringent inquiry into the propriety and scope of the collective action" because "discovery is complete and the case is ready to be tried").

      In the context of Rule 23, many courts require class action plaintiffs to establish by a preponderance of the evidence *all* Rule 23 criteria before class certification is granted. *See, e.g.*, *Wal-Mart Stores, Inc. v. Dukes*, 131 S. Ct. 2541, * 27–28 (2011) ("The District Court concluded that *Daubert* did not apply to expert testimony at the certification stage of class-action proceedings. We doubt that is so.") (internal citation omitted); *see also Prescott v. Prudential Ins. Co.*, 729 F. Supp. 2d 357, 364 (2010) ("The

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0092-DOC (JPRx)                                      Date: May 14, 2014
                                                                      Page 8

Rule 23 requirements must be established by at least a preponderance of the evidence.") (citing *Brown v. Kelly*, 609 F.3d 467, 476 (2d Cir. 2010); *In re Ins. Brokerage Antitrust Litig.*, 579 F.3d 241, 257–58 (3d Cir. 2009) (same); *Alaska Elec. Pension Fund v. Flowserve Corp.*, 572 F. 3d 221, 228 (5th Cir. 2009) ("loss causation . . . must be established at the class certification stage by a preponderance of all admissible evidence"); *Am. Honda Motor Co. v. Allen*, 600 F.3d 813, 816 (7th Cir. 2010) (holding that a trial court "must perform a full *Daubert* analysis before certifying the class if the situation warrants").

Courts have mostly held that Section 216(b) collective actions are not subject to Rule 23 class certification requirements, rather, the requirements for Section 216(b) collective action certification are independent of, and unrelated to, the requirements for Rule 23 class certification. *See Lewis v. Wells Fargo Co.*, 669 F. Supp. 2d 1124, 1127 (N.D. Cal. 2009); *see also Thiessen*, 267 F.3d at 1105; *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 n.12 (11th Cir. 1996); *Wang v. Chinese Daily News, Inc.*, 623 F.3d 743, 761 (9th Cir. 2010) ("[t]he clear weight of authority holds that Rule 23 procedures are inappropriate for the prosecution of class actions under § 216(b)"); *Sandoz*, 553 F.3d at 919; *Smith v. T-Mobile USA Inc.*, 570 F.3d 1119, 1122 (9th Cir. 2009) (relying upon the "structural distinctions between an FLSA collective action and a Rule 23 class action" in deciding that an appeal by FLSA named plaintiffs was moot); *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 584–85 (6th Cir. 2009); *La Chapelle v. Owens-Illinois, Inc.*, 513 F.2d 286, 289 (5th Cir. 1975) (stating that Rule 23 and FLSA class actions are "mutually exclusive and irreconcilable"); *cf. Sushan v. Univ. of Colo. at Boulder*, 132 F.R.D. 263, 266–67 (D. Colo. 1990) (employing Rule 23 criteria in a 216(b) certification analysis under the FLSA). In so holding, courts have noted that Congress clearly chose not to have the Rule 23 standards apply to 216(b) collective actions, and instead adopted the "similarly situated" standard. *See Thiessen*, 267 F.3d at 1105; *see also O'Brien*, 575 F.3d at 584 ("While Congress could have imported the more stringent criteria for class certification under Fed. R. Civ. P. 23, it has not done so in the FLSA."). Therefore, to interpret Section 216(b)'s "similarly situated" standard as incorporating the requirements of Rule 23 "would effectively ignore Congress' directive." *Thiessen*, 267 F.3d at 1105; *see also O'Brien*, 575 F.3d at 585–86 ("[A]pplying the criterion of predominance undermines the remedial purpose of the collective action device.")

### Impact of *Wal-Mart v. Dukes*

Since the Supreme Court's decision in *Wal-Mart v. Dukes* was rendered, most courts addressing *Dukes*'s application to Section 216(b) collective actions have held that *Dukes* does not apply. *See Jasper v. C.R. England, Inc.*, No. 08-05266 (C.D. Cal. June 30, 2011); *see also Spellman v. Am. Eagle Express*, No. 10-1764 (E.D. Pa. July 21,

Case 8:13-cv-00092-DOC-JPR Document 118 Filed 05/15/14 Page 9 of 10 Page ID #:11147

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0092-DOC (JPRx)                                            Date: May 14, 2014
                                                                                        Page 9

2011); *Butcher v. United Airlines, Inc.*, No. 09-11681 (D. Mass. July 22, 2011); *Sliger v. Prospect Mortgage, LLC*, No. CIV. S-11-465 LKK/EFB, 2011 WL 3747947 (Aug. 24, 2011).

       In *Butcher*, for example, the defendant moved for reconsideration of the court's order granting conditional certification of the FLSA collective action. *See* No. 09-11681 (Dkt. 42). In denying the defendant's motion, the court stated that the defendant's citation to *Dukes* in support thereof was misplaced; "*Dukes* does not involve the FLSA, and its holding does not apply to conditional certification." *Id.* The court noted that, "[i]t is well settled that Rule 23 is more stringent than § 216(b) generally . . . and especially so at the conditional certification stage." *Id.* (citing *Lewis*, 669 F. Supp. 2d at 1127).

       The court in *Sliger* also refused to extend *Dukes*'s Rule 23 analysis to FLSA collective action certification determinations, rejecting the defendant's argument that Rule 23's commonality standard and the "similarly situated" standard of Section 216(b) are "entirely consistent." 2011 WL 3747947, at *7–8, n.25. Rather, after citing a string of cases holding that Rule 23 class action standards are distinct from Section 216(b) collective action standards, the court declined the defendant's invitation to apply *Dukes* to the FLSA collective action certification analysis as doing so would be "inconsistent with the Ninth Circuit's apparent view that the Rule 23 standards should not be used." *Id.*

       Although there is some dissension among the courts with regards to *Dukes*'s applicability to Section 216(b) collective actions,[3] most courts have found that *Dukes* does not apply to FLSA collective action certification determinations, as the majority of courts have long held that Rule 23 standards and requirements do not apply to Section 216(b) collective actions. Therefore, the Court concludes that there is no "substantial" ground for difference of opinion. *See Perez*, 2013 WL 5513167, at *10 ("In determining whether a substantial ground for difference of opinion exists, it is worth noting that 28 U.S.C. § 1292 was intended to be used 'only in exceptional situations in which allowing an interlocutory appeal would avoid protracted and expensive litigation.'") (citing *Spears*, 2010 WL 54755, at *6).

### 3. Materially Advance Ultimate Termination of Litigation

       Finally, if the "present appeal promises to advance the time for trial or to shorten the time required for trial, appeal is appropriate." *Dukes v. Wal-Mart Stores*, No. C 01-

---

[3] *See, e.g.*, *Espenchild v. DirectSat USA, LLC*, 705 F.3d at 771–72 (generally stating that "there isn't good reason to have different standards for [] certification [under Section 216(b) and Rule 23]"); *see also Macgregor v. Farmers Ins. Exchange*, No. 2:10-CV-03088, 2011 WL 2981466, at *14–15 (D.S.C. July 22, 2011) (applying *Dukes* in the context of Section 216(b) conditional FLSA certification).

Case 8:13-cv-00092-DOC-JPR Document 118 Filed 05/15/14 Page 10 of 10 Page ID #:11148

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-0092-DOC (JPRx)                                                      Date: May 14, 2014

Page 10

02252 CRB, 2012 WL 6115536, at *5 (N.D. Cal. Dec. 10, 2012) [hereinafter *Dukes II*] (citing Charles Alan Wright et al., 16 *Fed. Prac. & Proc.* § 3930 at n.39 (2d ed.); *see also In re Cement Antitrust Litig.*, 673 F.3d at 1027. On the other hand, immediate appeal may be inappropriate where "there is a good prospect that the certified question may be mooted by further proceedings." *Dukes II*, 2012 WL 6115536, at *5 (citing *In re City of Memphis*, 293 F.3d 345, 351 (6th Cir. 2002); *Oneida Indian Nation of N.Y. State v. Oneida Cnty.*, 622 F.2d 624, 628–29 (2d Cir. 1980); *United States v. Rent–A–Homes Sys. of Ill., Inc.*, 602 F.2d 795, 797 (7th Cir. 1979)). Additionally, where "a substantial amount of litigation remains in th[e] case regardless of the correctness of the Court's ruling . . . arguments that interlocutory appeal would advance the resolution of th[e] litigation are unpersuasive." *Friedman v. 24 Hour Fitness USA, Inc.*, No. 06–cv–6282, 2009 WL 545783, at *2 (C.D. Cal. Mar. 3, 2009); *see also United States ex rel. Bagley v. TRW, Inc.*, No. 95–cv–4153, 2001 WL 369790, at *2 (C.D. Cal. Mar. 26, 2001).

       Here, a substantial amount of litigation still remains and the certified question may very well be mooted with the second stage of FLSA certification, where collective plaintiffs would be subjected to a more stringent inquiry. *See Dukes II*, 2012 WL 6115536, at *5; *Friedman*, 2009 WL 545783, at *2. This Court could stay the collective certification proceedings while an interlocutory appeal proceeded, though it is far from clear—and in the Court's view doubtful—whether the total burdens of litigation on parties and the judicial system would be lessened by such a course. Where the issue of relative efficiency is a toss-up, this Court sees no value in encouraging parties to litigate requests for interlocutory appeal when the decertification stage of the collective action may well, as a practical matter, lead to the same result. *See Dukes II*, 2012 WL 6115536, at *5 (finding that an interlocutory appeal would not "materially advance the ultimate termination of the litigation" on similar grounds). The Court accordingly finds that, at this time, immediate appeal would not materially advance the ultimate termination of the litigation.

### IV. DISPOSITION

       For the reasons stated above, the Court DENIES Defendant's Motion to Amend and Certify Order for Interlocutory Review.

       The Clerk shall serve this minute order on the parties.