# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MELISSA LILLEHAGEN, *et al.*, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALORICA, INC.,<br><br>Defendant. | Case No. SA CV 13-0092-DOC (JPRx)<br><br>**ORDER TO**<br>**(1) CERTIFY SETTLEMENT CLASSES;**<br>**(2) APPOINT CLASS REPRESENTATIVES, CLASS COUNSEL;**<br>**(3) GRANT PRELIMINARY APPROVAL OF PROPOSED SETTLEMENT;**<br>**(4) APPOINT SETTLEMENT ADMINISTRATOR AND DIRECT DISSEMINATION OF NOTICE; AND**<br>**(5) SET FAIRNESS HEARING AND RELATED DATES** |

On May 27 2016, this Court held a hearing on the motion of Plaintiffs Melissa Lillehagen, Sharon Shaw, Janna Carlile, Shanai Witmore, Ignacio Pizana, Brenda Luper, Barbara Beckerley, Michael Irvin, Dianne Maddox, Raymorn Edden, Cassandra Allen, Dawn Fulmore, Vanessa Gomez, Ancelle Parker, Janelle Ayers, Cynthia Fuerte, Chelsea Ramirez, and Timothy King ("Plaintiffs"), on behalf of themselves and all those similarly situated ("Class Members"), for an order to (1) certify the proposed Settlement Classes, comprised of collectives under the Fair Labor Standards Act, 29 U.S.C. §§ 201–19 ("FLSA"), and opt-out classes under Federal Rule of Civil Procedure 23 ("Rule 23"); (2) appoint Plaintiffs as Class Representatives; (3) appoint Plaintiffs' attorneys as Class Counsel; (4) grant preliminary approval to the parties' Settlement Agreement; (5) approve mailing to the Class Members the proposed Class Notice; (6) appoint Garden City Group as Claims Administrator; and (7) schedule a hearing for final approval of the Settlement and other, related dates.

Having considered the pleadings, supporting documentation and record, and the arguments of counsel, the Court now enters this Preliminary Approval Order and ORDERS as follows:

## I.   NATURE OF ACTION

Plaintiffs allege that Alorica violated wage and hour laws by failing to pay class members for all hours worked, miscalculating the overtime rate, and, with respect to the California class members, violating meal and rest period laws.  Alorica disputes and denies all of Plaintiffs' claims and contends that it has fully complied with all applicable laws at issue in this matter.

## II. CERTIFICATION OF SETTLEMENT CLASSES

For settlement purposes only, the parties have proposed certification of settlement class comprised of (1) a FLSA collective class defined as all persons employed by Alorica as a Customer Service Representative ("CSR") at any time from August 9, 2010 to the date of preliminary approval of the settlement; and (2) and a state law class under Rule 23 that includes individual state classes under the laws of California, Colorado, Florida, Georgia, Iowa, Kansas, North Carolina, Oklahoma, Pennsylvania, Texas, and Virginia.

The Court hereby finds and concludes that for purposes of the Settlement only, the Settlement Classes satisfy all of the requirements for certification under Rule 23(a) and (b)(3), which is a proper measure of certification for both the FLSA collective and Rule 23 class.

1. Each class is sufficiently numerous that joinder is impracticable.

2. The members of each class share common issues of fact and law regarding whether Alorica's policies and practices result in the failure to pay all hours Plaintiffs worked during: (i) short, mid-shift breaks, (ii) pre- and post-shift work, and (iii) overtime.

3. The Class Representatives' claims are typical of those of the Class they propose to represent, because they arise out of the same policies and practices and course of conduct complained of by all Class Members.

4. The Class Representatives are adequate representatives of the class they propose to represent, because their interests are co-extensive with those of the Class Members, and they have retained experienced counsel to represent them and the Class Members.

5. Questions of law or fact common to each class predominate over individualized issues, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy.

6.   Because certification of each class is proposed in the context of a settlement, the Court need not inquire whether the case, if tried as a class action, would present intractable management problems.

Accordingly, the Court hereby certifies the Settlement Class under Rule 23(a) and (b)(3).

### III.   APPOINTMENT OF CLASS REPRESENTATIVES AND CLASS COUNSEL

#### A.   Class Representatives

The Court finds and concludes that the Class Representatives have claims typical of the Class Members they propose to represent, and that they are adequate representatives of the class. The Court hereby appoints Plaintiffs to serve as Class Representatives of the classes they propose to represent.

#### B.   Class Counsel

The Court finds and concludes that Outten & Golden LLP, Baron & Budd, P.C., and Hunt, Hassler & Lorenz LLP have, separately and collectively, extensive experience and expertise in prosecuting wage-and-hour class actions and collective actions. The Court hereby appoints these firms as Class Counsel.

### IV.   PRELIMINARY APPROVAL OF SETTLEMENT

The Court has reviewed the terms of the Settlement, including the plan of allocation and the release of claims. The Court has also read and considered the declarations of Jahan C. Sagafi and Allen Vaught in support of preliminary approval. Based on review of those papers, and the Court's familiarity with this case, the Court finds and concludes that the Settlement is the result of arms-length negotiations between the parties conducted after Class Counsel had adequately investigated Plaintiffs' claims and become

familiar with their strengths and weaknesses. The assistance of an experienced mediator in the settlement process further supports the conclusion that the Settlement Agreement is non-collusive. Based on all of these factors, the Court concludes that the proposed Settlement Agreement meets the criteria for preliminary settlement approval. The Settlement has no obvious defects and falls within the range of possible approval as fair, adequate, and reasonable, such that notice to the Class Members is appropriate. Accordingly, the Settlement is hereby preliminarily approved.

## V.     APPROVAL OF THE NOTICE PLAN

The Parties have also submitted for this Court's approval a proposed class notice. After carefully reviewing the notice, the Court finds and concludes as follows:

### A.     **Best Notice Practicable**

The Class Notice is the best notice practicable under the circumstances and allows Class Members a full and fair opportunity to consider the Settlement. The Class Notice fairly, plainly, accurately, and reasonably informs Class Members of: (1) appropriate information about the nature of this action, the definition of the Classes, the identify of Class Counsel, and the essential terms of the Settlement, including the plan of allocation; (2) appropriate information about Plaintiffs' forthcoming application forthcoming application for the Class Representative Payments and the Class Counsel Attorneys' Fees and Costs Award; (3) appropriate information about how Class Members' settlement shares will be calculated; (4) appropriate information about this Court's procedures for final approval of the Settlement Agreement, and about Class members' right to appear if they desire; (5) appropriate information about how to comment on or opt out of the Settlement Agreement, if a Class Member wishes to do so; and (6) appropriate

instructions as to how to obtain additional information regarding this action and the Settlement Agreement.

The proposed plan for distributing the Class Notice likewise is a reasonable method calculated to reach all individuals who would be bound by the Settlement. Under this plan, the Settlement Administrator will distribute the Class Notice to all Class Members by first-class mail to their last known addresses. There is no additional method of distribution that is cost-effective and would be reasonably likely to notify Class Members who may not receive notice pursuant to the proposed distribution plan.

### B. Approval

Accordingly, the Court finds and concludes that the proposed plan for distributing the Class Notice will provide the best notice practicable, satisfies the notice requirements of Rule 23(e), and satisfies all other legal and due process requirements. Accordingly, the Court hereby ORDERS as follows:

1. The Class Notice is approved.

2. The manner of distributing the Class Notice to the Class Members is approved.

3. Promptly following the entry of this order, the Settlement Administrator will prepare final versions of the Class Notice, incorporating into them the relevant dates and deadlines set forth in this order.

4. By June 7, 2016, the Settlement Administrator will put up a publicly available website to provide information about the settlement process. The contents of the publicly-accessible website shall be determined by the Settlement Administrator, but shall exclude the settlement amount and shall be limited to only information appropriate for Class Members to understand the settlement, properly obtain notice of the settlement, opt out of or object to the settlement, or submit information.

5. By June 7, 2016, counsel for Defendant shall transmit to the Settlement Administrator, in a readable, ready to use electronic Excel spreadsheet format, a list containing the following information for each Class Member: (1) full name; (2) last known home address (street, city, state, and zip code); (3) social security number; (4) dates of employment as a CSR during all Class Periods; and (5) the total eligible Workweeks during the Class Period, by state ("Class List"). If any question arises as to the accuracy of any of the data contained in the Class List, Defendant shall make available to the Settlement Administrator records sufficient to confirm the accuracy of the data in question upon reasonable request.

6. Promptly upon receipt of the Class List from Defendant, the Settlement Administrator shall obtain updated forwarding addresses from the U.S. Postal Service through a National Change of Address search, and thereafter, where necessary, perform individual computer searches and other searches to obtain a Class Member's most recent address should anything be returned to the Settlement Administrator as undeliverable.

7. No later than fifteen (15) business days after the Settlement Administrator receives the Class List from Defendant, the Settlement Administrator shall send the Class Notice to each Class Member by first class mail.

8. The addresses to which the Class Notice are to be mailed shall be determined by the Settlement Administrator from the Class List, subsequent searches the Settlement Administrator performs, and by such other means as the Settlement Administrator customarily uses to locate Class Members in administration of class action settlements.

9. If a Class Notice is returned because of an incorrect address, with a forwarding address affixed thereto, the Settlement Administrator will

immediately re-mail the Class Notice to that Class Member. If a Class Notice is returned as undeliverable, the Settlement Administrator will immediately perform a search for a more current address for the Class Member and re-mail the Class Notice to that updated address. The Settlement Administrator will note for its own records the date of each such re-mailing and will, upon request, provide Class Counsel and Defendant's counsel the date of each such re mailing.

10. The Settlement Administrator will take all other actions in furtherance of settlement administration as are specified in the Settlement Agreement.

## VI. PROCEDURES FOR FINAL APPROVAL OF THE SETTLEMENT.

### A. Final Approval Hearing

The Court hereby schedules a hearing to determine whether to grant final approval of the Settlement Agreement for **October 17, 2016, at 8:30 a.m.** The date of the hearing may be changed without further notice to the Class.

### B. Procedures to Opt Out of the Settlement

In order for a Class Member to exclude himself or herself from the Class and the settlement, the Class Member must send a letter to the Settlement Administrator that (1) states that he or she requests to be excluded from the Class and this settlement, (2) is signed, and (3) is postmarked or received by the Settlement Administrator within sixty (60) days of the date the Settlement Administrator mailed the Class Notice. The date the signed request for exclusion was postmarked or faxed shall be conclusively determined according to the records of the Settlement Administrator. Any Class Member who timely and validly opts out of the Class and this settlement will not be

entitled to any recovery from the settlement fund, will not be bound by the terms and conditions of this Agreement, and will not have any right to object, appeal or comment thereon. The Settlement Administrator shall provide Class Counsel and Defendant's counsel with a complete list of all Class Members who requested exclusion (i.e., opted out).

### C. Filing Objections to Settlement

In order to object to the Settlement Agreement, or any term of it, the person making the objection must be a Class Member, must not opt out, and must send to the Settlement Administrator a written statement that (1) describes the grounds of the objection, (2) is signed by the objecting Class Member, and (3) is postmarked or received by the Settlement Administrator within sixty (60) days of the date the Settlement Administrator mailed the Class Notice.

### D. Unclaimed Settlement Fund and Uncashed Settlement Checks

After the expiration of the 180-day period during which checks are valid, any uncashed checks will be voided. The Settlement Administrator will give written notice to Class Counsel and counsel for Defendant of the total amount of funds represented by the unclaimed funds and uncashed checks (the "First Residue") within five (5) business days after the expiration of the 180 day period.

If the amount of the First Residue is greater than four (4) times the number of Participating Class Members, then the Settlement Administrator shall issue a new round of checks to each Participating Class Member who previously cashed a check, for his or her pro rata share of the First Residue minus reasonable costs of administration, based on each Participating Class Member's share of the Net Settlement Amount, except that Participating Class Members whose pro rata share is less than two dollars ($2.00) shall not be

included in the distribution. The expiration date for this distribution shall be sixty (60) days after issuance or as close to that number as is feasible.

The "Final Residue" shall be either (a) the First Residue, if it is too small to result in a redistribution under the formula in the preceding paragraph, or (b) the remaining uncashed funds after the 60-day period following the redistribution above. The Final Residue shall be allocated to the following cy pres beneficiaries in equal amounts: (1) Legal Aid Society – Employment Law Center and (2) Public Justice.

### E. Alorica's Right to Cancel

If either (i) ten percent (10%) or more of the Class Members or (ii) a number of Class Members whose combined share of the Net Settlement Amount is ten percent (10%) or more opt out of the settlement, or both (i) and (ii) occur, Alorica shall have the right to withdraw from and cancel the Settlement Agreement according to and as set forth in detail in the terms of the Settlement Agreement.

### VII. PLAINTIFFS' AND CLASS MEMBERS' RELEASE

If, at the Final Approval Hearing, this Court grants final approval to the Settlement, Plaintiffs and every Class Member who does not opt out will, pursuant to the Settlement, be adjudicated to have granted the release of Covered Claims as set forth in the Settlement. For purposes of releasing the FLSA claims in the lawsuit, Plaintiffs and Participating Class Members will be deemed to have opted in to the FLSA portion of the settlement and consented to the release of the FLSA claims by cashing, depositing, or otherwise negotiating the Settlement Payment checks.

The Settlement Administrator will submit a declaration after the settlement checks expire that will include: (1) an exhibit listing all Class Members who cashed their settlement checks; (2) a sample of the settlement

check showing the FLSA release language; and (3) and an affirmation that all settlement checks were formatted in the same way.

If the Court grants Plaintiff's motion for final settlement approval, each California FLSA Settlement check shall include language indicating that endorsing/cashing the check will constitute an affirmative opt in for FLSA purposes.

## VIII. APPOINTMENT OF SETTLEMENT ADMINISTRATOR

Garden City Group is hereby appointed Settlement Administrator to carry out the duties set forth in this Preliminary Approval Order and the Settlement.

## IX. SCHEDULING ORDER

The following schedule sets forth the sequence for the relevant dates and deadlines.

| Event | Date |
| --- | --- |
| Preliminary Approval Hearing; Preliminary Approval Order ("PAO") | Friday, May 27, 2016; Tuesday, May 31, 2016 |
| Settlement Administrator ("SA") activates website | Tuesday, June 7, 2016 |
| Alorica sends class list to SA | Monday, June 20, 2016 |
| SA sends Class Notice ("Mailing") | Monday, July 12, 2016 |
| Class Counsel files final approval & fee motions | Monday, August 29, 2016 |
| Deadline to submit Claim Form, request exclusion, object, and/or challenge data | Monday, September 12, 2016 |
| SA submits list of exclusion requests and objections | Friday, September 16, 2016 |
| Class Counsel file reply briefs | Monday, October 3, 2016 |

| Event | Date |
|---|---|
| SA provides Court with Declaration of Due Diligence | Monday, October 3, 2016 |
| Alorica decides and provides notice as to whether to rescind the settlement (if applicable) | Monday, October 7, 2016 |
| Fairness Hearing, Final Approval Order ("FAO") | Friday, October 17, 2016, at 8:30 a.m. |
| Effective Date | Wednesday, November 16, 2016 |
| Alorica funds Settlement | Monday, November 21, 2016 |
| SA distributes checks to Class Members | Tuesday, December 6, 2016 |

IT IS SO ORDERED.

Dated:  May 31, 2016

_____
The Honorable David O. Carter
United States District Court Judge