Allen R. Vaught
(admitted *pro hac vice*)
avaught@baronbudd.com
BARON & BUDD P.C.
3201 Oak Lawn Ave, Suite 1100
Dallas, TX 75219
Telephone: (214) 521-3605
Facsimile: (214) 520-1181

Robert P. Kondras, Jr.
(admitted *pro hac vice*)
kondras@huntlawfirm.net
HUNT, HASSLER & LORENZ LLP
100 Cherry Street
Terre Haute, Indiana 47807
Telephone: (812) 232-9691
Facsimile: (812) 234-2881

Jahan C. Sagafi (Cal. Bar No. 224887)
jsagafi@outtengolden.com
Katrina Eiland (Cal. Bar No. 275701)
keiland@outtengolden.com
OUTTEN & GOLDEN LLP
One Embarcadero Center, 38th Floor
San Francisco, CA 94111
Telephone:  (415) 638-8800
Facsimile:  (415) 638-8810

*Counsel for Plaintiffs and Settlement Classes*

# UNITED STATES DISTRICT COURT

# FOR THE CENTRAL DISTRICT OF CALIFORNIA

# SOUTHERN DIVISION

| | |
|---|---|
| MELISSA LILLEHAGEN, *et al.*, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALORICA, INC.,<br><br>Defendant. | Case No. 8:13-cv-00092-DOC(JPRx)<br><br>**ORDER GRANTING MOTION FOR AWARD OF ATTORNEYS' FEES, COSTS, AND CLASS REPRESENTATIVE SERVICE AWARDS [265]**<br><br>District Judge:     Hon. David O. Carter<br>Magistrate Judge:  Hon. Jean Rosenbluth |

WHEREAS, the Court considered the Class Action Settlement Agreement ("the Settlement") (Dkt. 246-1), and preliminarily approved the same on May 31, 2016;

WHEREAS, the Court entered an Order directing that notice be disseminated to the Class Members (Dkt. 262), and notice was disseminated properly in accordance therewith, including individual mailing of the notice to the Class Members;

WHEREAS, the Court conducted a Fairness Hearing concerning the proposed settlement on December 5, 2016; and

WHEREAS, the Court reviewed Class Counsel's Motion for Final Approval of an Award of Attorneys' Fees, Costs, and Class Representative Service Awards; the Memorandum of Points and Authorities in Support of that motion; the declaration submitted in support thereof; Class Counsel's Reply in support of their Motion for an Award of Attorneys' Fees, Costs, and Class Representative Service Awards; the Memorandum of Points and Authorities in Support of that motion; the declarations submitted in support thereof; the entire record of this action; and for good cause appearing,

**IT IS HEREBY ORDERED:**

1. The Court has jurisdiction over the subject matter of this action, the Defendant, and the Class.

2. Notice of the requested award of attorneys' fees, reimbursement of costs and expenses, and award of class representative service payments was directed to Class Members in a reasonable manner, and complies with Rule 23(h)(1) of the Federal Rules of Civil Procedure.

3. Class Members and any party from whom payment is sought have been given the opportunity to object in compliance with Fed. R. Civ. P. 23(h)(2).

4. The requested award of $3,083,333 in attorneys' fees, or 33 1/3% of the common fund, is reasonable under the percentage of the common fund method,

as it is consistent with Ninth Circuit authority. *See*, *e.g.*, *Vizcaino v. Microsoft Corp.*, 290 F.3d 1043 (9th Cir. 2002) (affirming award of 28% of $96.885 million common fund, while recognizing that the percentage of an award generally increases as the common fund decreases); *In re Pacific Enterprises Sec. Litig.*, 47 F.3d 373, 379 (9th Cir. 1995) (affirming award of 33% of $12 million common fund); *In re Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 460 (9th Cir. 2000) (affirming award of 33.3% of $1.725 million fund); *see also In re Activision Sec. Litig.*, 723 F. Supp. 1373, 1378 (N.D. Cal. 1989) (surveying cases and stating, "in class action common fund cases the better practice is to set a percentage fee and that, absent extraordinary circumstances that suggest reasons to lower or increase the percentage, the rate should be set at 30%."). The Court reaches this conclusion based on attorneys' fees awards issued in similar wage and hour cases in this District, and the fact that the common fund of $9,250,000 was created for Class Members through the efforts of Class Counsel. *See Boyd v. Bank of Am. Corp.*, No. 13 Civ. 0561, 2014 WL 6473804, at *9 (C.D. Cal. Nov. 18, 2014) (approving fee award of 36% of common fund settlement); *In re Quantum Health Res., Inc.*, 962 F. Supp. 1254, 1258 (C.D. Cal. 1997) (attorneys representing a class "routinely recover attorneys' fees in the range of 20 to 40 percent of the common fund"); *see also Vasquez v. Coast Valley Roofing, Inc.*, 266 F.R.D. 482, 492 (E.D. Cal. 2010) (33.3% fee award; $300,000 common fund) (collecting cases).

5. The requested fee award is also reasonable under the lodestar method. The hours devoted to this case by Class Counsel and their rates are reasonable. The award, which is significantly less than Class Counsel's lodestar, and resulting multiplier of 0.76x, which is well below the middle range of fee multipliers courts routinely approve, is reasonable in light of the time and labor required, the difficulty of the issues involved, the requisite legal skill and experience necessary, the results obtained for the Class, the contingent nature of the fee and risk of no payment, and the range of fees that are customary. Courts routinely approve much

higher lodestar multipliers in comparable common fund cases. *See Vizcaino*, 290 F.3d at 1052-54; *Steiner v. Am. Broad. Co.*, 248 Fed. Appx. 780, 783 (9th Cir. 2007) (affirming award with multiplier of 6.85); *see also* Newberg, *Attorney Fee Awards,* § 14.03 at 14-5 (1987) ("multiples ranging from one to four are frequently awarded in common fund cases when the lodestar method is applied."); *Rabin v. Concord Assets Group, Inc.*, No. No. 89 Civ. 6130 (LBS), 1991 WL 275757 (S.D.N.Y. 1991) (4.4 multiplier) ("In recent years multipliers of between 3 and 4.5 have become common.") (internal quotations and citations omitted); *In re Xcel Energy, Inc., Securities, Derivative & "'ERISA" Litig.*, 364 F. Supp. 2d 980, 998-99 (D. Minn. 2005) (approving 25% fee, resulting in 4.7 multiplier); *In re Aremissoft Corp. Sec. Litig.*, 210 F.R.D. 109, 134-35 (D.N.J. 2002) (approving 28% fee, resulting in 4.3 multiplier); *Maley v. Del Global Techs. Corp.*, 186 F. Supp. 2d 358, 371 (S.D.N.Y. 2002) (approving 33.3% fee, resulting in "modest multiplier of 4.65"); *Di Giacomo v. Plains All Am. Pipeline*, Nos. 99-4137 & 99-4212, 2001 WL 34633373, at *10-11 (S.D. Fla. Dec. 19, 2001) (approving 30% fee, resulting in 5.3 multiplier); *Roberts v. Texaco, Inc.*, 979 F. Supp. 185, 198 (S.D.N.Y. 1997) (5.5 multiplier); *Roberts v. Texaco*, 979 F. Supp. 185 (S.D.N.Y. 1997) (approving multiplier of 5.5); *Weiss v. Mercedez-Benz*, 899 F. Supp. 1297 (D.N.J. 1995) (approving multiplier of 9.3); *Weiss v. Mercedes-Benz of N. Am., Inc.*, 899 F. Supp. 1297, 1304 (D.N.J. 1995) (9.3 multiplier), *aff'd*, 66 F.3d 314 (3d Cir. 1995);.

6. Class Counsel seek reimbursement of litigation expenses of $390,000. The litigation costs and expenses incurred by Class Counsel have been adequately documented and were reasonably incurred for the benefit of the Class. The Court finds that reimbursement of $390,000 in costs and expenses is justified.

7. The requested Class Representative service awards of $10,000 each for Class Representatives Beckerley, Lillehagen, and Carlile; $7,500 each for Class Representatives Maddox and Edden; $5,000 each for Class Representatives Shaw, Whitmore, Pizana, and Luper; and $2,500 each for Class Representatives Allen,

Parker, Fulmore, Gomez, Irvin, Ayers, Fuerte, Ramirez, and King are fair and reasonable in light of the time and effort the Class Representatives expended for the benefit of the Class Members, as well as the risk accepted by initiating the litigation and publicly representing the Class. *See, e.g.*, *Stevens v. Safeway, Inc.*, No. 05 Civ. 01988, 2009 U.S. Dist. LEXIS 17119, at *34-37 (C.D. Cal. Feb. 25, 2008) ($20,000 and $10,000 to two class representatives); *Glass v. UBS Financial Services, Inc.*, Case No. 06 Civ. 4068, 2007 WL 221862, at *16-17 (N.D. Cal. Jan. 26, 2007) ($25,000 each to four class representatives); *Van Vranken v. Atl. Richfield Co.*, 901 F. Supp. 294, 300 (N.D. Cal. 1995) ($50,000 to one class representative); *In Re Janney Montgomery Scott LLC Financial Consultant Litig.*, No. 06 Civ. 3202, 2009 U.S. Dist. LEXIS 60790, at *35-37 (E.D. Pa. July 16, 2009) ($20,000 each to three class representatives); *Wade v. Kroger Co.*, No. 01 Civ. 699, 2008 WL 4999171, at *13 (W.D. Ky. Nov. 20, 2008) ($30,000 each to multiple class representatives); *Wright v. Stern*, 553 F. Supp. 2d 337, 342 (S.D.N.Y. 2008) ($50,000 each to eleven class representatives ); *In re Dun & Bradstreet Credit Servs. Customer Litig.*, 130 F.R.D. 366, 374 (S.D. Ohio 1990) ($35,000-55,000 each to five class representatives).

8. The Class Representatives have satisfied the criteria as set forth in *Staton v. Boeing Co.*, 327 F.3d 938, 963 (9th Cir. 2003). Under *Staton*, a service award request should be evaluated using "'relevant factors, includ[ing] the actions the Plaintiff has taken to protect the interests of the class, the degree to which the class has benefited from those actions, … the amount of time and effort the Plaintiff expended in pursuing the litigation … and reasonabl[e] fear[s] of workplace retaliation.'" *Staton*, 327 F.3d at 977 (citing *Cook v. Niedert*, 142 F.3d 1004, 1016 (7th Cir. 1998)) (ellipses in original). Here, the Class Representatives' leadership of this action caused them personal exposure and potential adverse consequences with future employers, and their representation of the various state law Classes enhanced the case's value overall by increasing Alorica's potential exposure, tolling

the statutes of limitations for those state law claims. Furthermore, Class Counsel attests that Plaintiffs Beckerley, Lillehagen, and Carlile were substantially involved throughout the litigation, educating Class Counsel regarding Class Members' job experiences and Alorica's policies and procedures.

Class Administrators, Garden City Group, LLC, have indicated that the costs of administering the settlement likely will greatly exceed the $250,000 estimate this Court was presented with in the Motion for Preliminary Approval. *See* Declaration of Loree Kovach of Garden City Group, LLC (Dkt. 272). Payments out of the class members' recovery for the costs of administering the settlement are capped at $250,000. Payments beyond $250,000 made to Garden City Group or any other administrator in connection with administering this settlement will be made by Class Counsel out of this fee award.

**THE COURT HEREBY ORDERS:**

Class Counsel are hereby awarded attorneys' fees in the amount of $3,083,333, and reimbursement of costs and expenses in the amount of $390,000. Class Representatives Beckerley, Lillehagen, and Carlile are awarded $10,000 each; Class Representatives Maddox and Edden are awarded $7,500 each; Class Representatives Shaw, Whitmore, Pizana, and Luper are awarded $5,000 each; and Class Representatives Allen, Parker, Fulmore, Gomez, Irvin, Ayers, Fuerte, Ramirez, and King are awarded $2,500 each. Payments beyond $250,000 made to Garden City Group or any other administrator in connection with administering this settlement will be made by Class Counsel out of this fee award.

Alorica shall provide the Gross Settlement Amount to the Settlement Administrator within 35 days of this Order. The Settlement Administrator shall wire the attorneys' fees and costs to Class Counsel within 15 days of the date on which it receives the Gross Settlement Amount. Such payments shall be subject to refund to Alorica should the Court not grant final approval of the Settlement, or if this Order or the Final Approval Order is appealed.

IT IS SO ORDERED.

Dated: December 5, 2016

*David O. Carter*

The Honorable David O. Carter
United States District Judge