JS-6

| | |
|---|---|
| Allen R. Vaught | Jahan C. Sagafi (Cal. Bar No. 224887) |
| (admitted *pro hac vice*) | jsagafi@outtengolden.com |
| avaught@baronbudd.com | Katrina Eiland (Cal. Bar No. 275701) |
| BARON & BUDD P.C. | keiland@outtengolden.com |
| 3201 Oak Lawn Ave, Suite 1100 | OUTTEN & GOLDEN LLP |
| Dallas, TX 75219 | One Embarcadero Center, 38th Floor |
| Telephone: (214) 521-3605 | San Francisco, CA 94111 |
| Facsimile: (214) 520-1181 | Telephone: (415) 638-8800 |
| | Facsimile: (415) 638-8810 |

Robert P. Kondras, Jr.
(admitted *pro hac vice*)
kondras@huntlawfirm.net
HUNT, HASSLER & LORENZ LLP
100 Cherry Street
Terre Haute, Indiana 47807
Telephone: (812) 232-9691
Facsimile: (812) 234-2881

*Counsel for Plaintiffs and Settlement Classes*

# UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA
# SOUTHERN DIVISION

| | |
|---|---|
| MELISSA LILLEHAGEN, *et al.*, on behalf of themselves and all those similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ALORICA, INC.,<br><br>Defendant. | Case No. 8:13-cv-00092-DOC(JPRx)<br><br>**ORDER GRANTING FINAL APPROVAL OF SETTLEMENT [264]**<br><br>District Judge: Hon. David O. Carter<br>Magistrate Judge: Hon. Jean Rosenbluth |

On December 5, 2016, a hearing was held on Plaintiffs' and Class Counsel's unopposed motion for final approval of the class settlement; and on the separate motion of Plaintiffs and Class Counsel for Attorneys' Fees, Costs, and Class Representative Service Awards.

The Parties have submitted their Class Action Settlement Agreement ("the Settlement"), which this Court preliminarily approved on May 31, 2016 (the "Preliminary Approval Order") (Dkt. 262.). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to object to the settlement and/or opt out. In addition, pursuant to the Class Action Fairness Act of 2005, 28 U.S.C. § 1715 ("CAFA"), Alorica has given the Attorney General of the United States and the appropriate state officials in the states in which the Class Members reside sufficient notice and opportunity to be heard concerning the Settlement. The Court is therefore empowered under CAFA to finally approve the Settlement.

Having received and considered the Settlement, the supporting papers filed by the Parties, and the evidence and argument received by the Court at the final approval hearing on December 5, 2016, by means of this order (the "Final Approval Order") the Court grants final approval to the Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

**Definitions**

1. Except as otherwise specified herein, the Court, for purposes of this Final Approval Order, adopts all defined terms set forth in the Settlement.

**Jurisdiction**

2. This Court has jurisdiction over the subject matter of this litigation and all related matters and all state and federal claims raised in this action and released in the Settlement, and personal jurisdiction over Alorica and all Class Members (except for those who timely filed opt out requests). Specifically, this Court has

federal question jurisdiction over this action pursuant to 28 U.S.C. section 1331 and section 16(b) of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b).

3. This Court also has supplemental jurisdiction over all state-law claims asserted by Plaintiffs because the state-law claims derive from a common nucleus of operative fact and form part of the same case or controversy as those claims over which the Court has primary jurisdiction. *See* 28 U.S.C. § 1367 (providing for supplemental jurisdiction over related state-law claims that "form part of the same case or controversy"); *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1996) (holding that federal courts have supplemental jurisdiction over state law claims that arise from the same "common nucleus of operative fact" such that the parties "would ordinarily be expected to try them all in one judicial proceeding").

4. This Court also has jurisdiction to approve the Settlement's release of claims by Class Members over which the Court has jurisdiction, even if the Court would not independently have jurisdiction over those released claims. *See Reyn's Pasta Bella, LLC v. Visa USA, Inc.*, 442 F.3d 741, 748 (9th Cir. 2006) (quoting *Class Plaintiffs v. City of Seattle*, 955 F.2d 1268, 1287-88 (9th Cir. 1992) ("[A] federal court may release not only claims alleged in the complaint, but also state claims arising from the same nucleus of operative facts over which the court would not have jurisdictional competence.").

**Dissemination of Notice to Class Members**

5. Pursuant to the Preliminary Approval Order, notice was sent to each Class Member by first-class mail. The notice was clear and organized, following the model forms provided by the Federal Judicial Center at www.fjc.gov. The notice materials informed Class Members of the terms of the Settlement, how their settlement share would be calculated, how to receive their settlement share, how to challenge the pre-printed data provided by Alorica that would be used to calculate their settlement share, their right to comment on (including object to) the Settlement

or opt out of the Settlement to pursue their claims individually, and their right to appear in person or by counsel at the final approval hearing and be heard regarding approval of the Settlement. Adequate periods of time were provided by each of these procedures.

6. The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. Notice was accomplished in the manner prescribed by the Settlement. The Court finds and determines that the notice provided in this case was the best notice practicable, which satisfied the requirements of law and due process.

**Notice to Attorneys General Pursuant to CAFA**

7. On September 6, 2016, Alorica served upon the Attorney General of the United States and the appropriate state officials of the states in which the Class Members reside a notice of the Settlement consisting of: a copy of the complaints in this action; the Preliminary Order certifying Settlement Classes, appointing Class Representatives and Class Counsel, granting preliminary approval of the proposed Settlement, appointing the Settlement Administrator and dissemination of Notice, and setting the Fairness Hearing and related dates; copies of the Settlement; the Class Notice; and the names of Class Members and their estimated proportionate share of the entire Settlement. The Notice of Settlement also invited comment on the Settlement. This Final Approval Order is being entered at least 90 days after the later of the dates on which the appropriate federal and state officials were served with the notice of proposed settlement. None of the federal or state officials who were served have asserted objections or requests for hearings during this time period.

8. The Court finds and determines that the substance of CAFA's notice

requirements have been satisfied. *See In re Processed Egg Prod. Antitrust Litig.*, 284 F.R.D. 249, 258 (E.D. Pa. 2012); *Kirven v. Cent. States Health & Life Co. of Omaha*, No. 11 Civ. 2149, 2015 WL 1314086, at *10 (D.S.C. Mar. 23, 2015); *Kay Co. v. Equitable Prod. Co.*, No. 06 Civ. 00612, 2010 WL 173486, at *4 (S.D.W.Va. Apr. 28, 2010). Accordingly, 28 U.S.C. section 1715(e) is inapplicable. *See Adoma v. Univ. of Phoenix, Inc.*, 913 F. Supp. 2d 964, 972–73 (E.D. Cal. 2012) (class members could not refuse to be bound by settlement agreement in FLSA class action simply because employer was late in providing notice, where employer served proper notice under CAFA and more than 90 days had passed since date notice was served).

**Certification Under Fed. R. Civ. P. 23 and the FLSA**

9. For the reasons stated in the Preliminary Approval Order, this Court finds and determines that the proposed Settlement Class, as defined in the definitions section of the Settlement and in section II of its Preliminary Approval Order, meets all of the legal requirements for class certification under Federal Rule of Civil Procedure 23 ("Rule 23") (a) and (b)(3), and it is hereby ordered that the Settlement Class is finally approved and certified as a Class for purposes of settlement of this action.

10. For the reasons stated in the Preliminary Approval Order, this Court finds and determines that the action meets all of the legal requirements for certification as a collective action under section 16(b) of the FLSA, 29 U.S.C. § 216(b), for the three-year period preceding the filing of Plaintiffs' complaint, and it is hereby ordered that the action is certified as a collective action for purposes of settlement of this action.

**Fairness**

11. Pursuant to Rule 23(e), the Court further finds and determines that the terms of the Settlement are fair, reasonable and adequate to the Class and to each

Class Member and that the Class Members who have not opted out will be bound by the Settlement, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated. The Court specifically finds that the Settlement is rationally related to the strength of Plaintiffs' claims given the risk, expense, complexity, and duration of further litigation. The Court also finds that the Settlement is the result of arms-length negotiations between experienced counsel representing the interests of the Class Members and Alorica, under the supervision of an independent third-party mediator, after thorough factual and legal investigation. *Staton v. Boeing,* 327 F.3d 938, 960 (9th Cir. 2003); *Class Plaintiffs*, 955 F.2d at 1291.

12. The Court finds and determines that the payments to be made to the Class Members as provided for in the Settlement are fair and reasonable. The proposed plan of allocation bases each Class Member's recovery on: (a) the number of weeks during the Covered Period worked by the Class Member, and (b) whether the Class Member worked in California or another state. The plan of allocation is rational. The Court hereby gives final approval to and orders the payment of those amounts be made to Class Members out of the $9,250,000 Settlement fund in accordance with the terms of the Settlement.

**Class Member Response**

13. The Court further finds that the response of the Class Members to the Settlement supports settlement approval. Of the approximately 156,000 Class Members, only 16 timely opted out of the Settlement. Only two Class Members objected to the Settlement. The first objection is overruled because it criticizes the Settlement for not including claims or grievances that are outside the scope of the case and does not provide sufficient detailed factual assertions or any legal argument to support its position, and it was submitted anonymously, precluding the parties and the Court from seeking clarification from the objector[s]; the second

objection is also overruled because it merely states that, in the class member's view, he was properly paid, and therefore does not challenge the fairness, reasonableness, or adequacy of the Settlement.

### Appointment of Class Representatives and Approval of Class Representative Awards

14. The Court confirms as final the appointment of Melissa Lillehagen, Sharon Shaw, Janna Carlile, Shanai Whitmore, Ignacio Pizana, Brenda Luper, Barbara Beckerley, Dianne Maddox, Dawn Fulmore, Ancelle Parker, Raymorn Edden, Janelle Ayers, Cynthia Fuerte, Chelsea Ramirez, and Timothy King as Class Representatives of the FLSA Collective; Barbara Beckerley and Michael Irvin as Class Representatives of the California Rule 23 Class; Dianne Maddox as Class Representative of the Florida Rule 23 Class; Raymorn Edden as Representative of the Georgia Rule 23 Class; Cassandra Allen and Sharon Shaw as Class Representative of the Oklahoma Rule 23 Class; Dawn Fulmore as Class Representative of the Pennsylvania Rule 23 Class; Vanessa Gomez as Class Representative of the Texas Rule 23 Class; Ancelle Parker as Class Representative of the Virginia Rule 23 Class; Janelle Ayers as Class Representative of the Iowa Rule 23 Class; Cynthia Fuerte as Class Representative of the North Carolina Rule 23 Class; Chelsea Ramirez as the Class Representative of the Kansas Rule 23 Class, and Timothy King as the Class Representative of the Colorado Class. In its Order Granting Motion for Award of Attorneys' Fees, Costs, and Class Representative Service Awards entered on December 5, 2016 ("Fee Order"), the Court has already approved the requested Class Representative Awards.

### Appointment of Class Counsel; Approval of Attorneys' Fees and Costs

15. The Court confirms as final the appointment of the following law firms and attorneys as class counsel ("Class Counsel") for the Rule 23 and FLSA Classes: Allen R. Vaught of Baron & Budd P.C., Jahan C. Sagafi and Katrina L. Eiland of

Outten & Golden LLP and Robert P. Kondras of Hunt, Hassler, & Lorenz LLP. In its December 5, 2016 Fee Order, the Court approved Class Counsel's requested fees and costs.

### Release

16. By operation of the entry of this Final Approval Order and pursuant to the Settlement, all Participating Class Members are permanently barred from prosecuting against Alorica any Participating Class Member Released Claim as set forth in section VII of the Settlement. The Court has reviewed the release in section VII of the Settlement and finds it to be fair, reasonable, and enforceable under Rule 23, the FLSA, and all other applicable law.

### Costs of Administration

17. Class Administrators, Garden City Group, LLC, have indicated that the costs of administering the settlement likely will greatly exceed the $250,000 estimate this Court was presented with in the Motion for Preliminary Approval. *See* Declaration of Loree Kovach of Garden City Group, LLC (Dkt. 272). Payments out of the class members' recovery for the costs of administering the settlement are capped at $250,000. Payments beyond $250,000 made to Garden City Group or any other administrator in connection with administering this settlement will be made by class counsel out of their fee award.

### Final Judgment and Dismissal

18. By means of this Final Approval Order, this Court hereby enters final judgment in this action, as defined in Federal Rule of Procedure 58(a)(1).

19. Without affecting the finality of the Court's judgment in any way, the Court retains jurisdiction over this matter for purposes of resolving issues relating to the interpretation, administration, implementation, effectuation and enforcement of the Settlement. Nothing in this Final Approval Order will preclude any action to enforce the Parties' obligations under the Settlement or under this order, including

the requirement that Alorica make the Settlement Payment in accordance with the terms of the Settlement.

20. The Parties are hereby ordered to comply with the terms of the Settlement.

21. This action is dismissed with prejudice, each side to bear its own costs and attorneys' fees except as provided by the Settlement and the Court's orders.

Dated: December 5, 2016

*David O. Carter*

The Honorable David O. Carter
United States District Judge